IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL R. DULLEN, PR Est. of KARL I. THUMMA (Deceased 2/17/14) and KAREN R. DULLEN,<br><br>                          Plaintiffs,<br>      v.<br><br>AMERICAN AUTOMOBILE ASSOCIATION a/k/a AAA LIFE INSURANCE COMPANY,<br><br>                          Defendant. | Case No. 4:16-cv-00003-SLG |

## ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT

Before the Court are the parties' cross-motions for summary judgment. Plaintiffs Karen and Michael Dullen ("Plaintiffs") moved for summary judgment at Docket 8, and AAA filed a Cross-Motion for Summary Judgment at Docket 21. Both motions were fully briefed.[1] The Court has previously held that oral argument was not necessary to the determination of the cross-motions.[2]

## BACKGROUND

This case concerns the interpretation of two insurance policies issued to Karl Thumma. Sometime between February 15 and February 17, 2014, Mr. Thumma died in

---

[1] Docket 9 (Dullen Mem.); Docket 20 (AAA Opp'n); Docket 22 (Dullen Reply); Docket 23 (Dullen Opp'n); Docket 25 (AAA reply).

[2] Docket 26 (Order).

his home from accidental carbon monoxide poisoning.[3]  On February 17, 2014, Mr. Thumma's daughter, Karen Dullen, and her husband, Michael Dullen, found Mr. Thumma on the floor of Mr. Thumma's bedroom next to his bed.[4]  Mr. Thumma's car was in the attached garage with the ignition on and the gas tank empty.[5]  The State Medical Examiner confirmed the cause of death was accidental carbon monoxide poisoning.[6]

Mr. Thumma held two AAA insurance policies that were in effect at the time of his death.[7]  The policies were titled "'365' Travel Accident Insurance" ("365 Policy") and "Member Loyalty Travel Accident Insurance" ("Loyalty Policy").[8]  It appears that in a letter dated January 6, 2015, the attorney for Mr. Thumma's estate, Ward Merdes, wrote to AAA regarding the policies.[9]  In a letter dated February 2, 2015, AAA Senior Claims Support Analyst Tina Morris responded to Mr. Merdes.  Ms. Morris included copies of Mr. Thumma's policies with her letter but wrote, "[a]s the '365' Travel Accident Insurance is not active; I was unable to reproduce a copy of the policy.  You had however, sent a copy of the policy to our office which I am returning for your review."[10]  However, it appears the

---

[3] Docket 1-1 (Incident/Investigation Report) at 13; Docket 1-2 (Inspection Report) at 1.

[4] Docket 1-1 (Incident/Investigation Report) at 13; Docket 8-1 (Dullen Aff.).

[5] Docket 1-1 (Incident/Investigation Report) at 13; Docket 8-1 (Dullen Aff.).

[6] Docket 1-2 (Inspection Report) at 1.

[7] See Docket 1-3 (Letters) at 12, 14.

[8] Docket 1-2 (365 Policy) at 6; Docket 1-2 (Loyalty Policy) at 15.

[9] See Docket 1-3 (Letter) at 11. Mr. Merdes's letter is referenced in Ms. Morris's letter but is not included in the record.

[10] Docket 1-3 (Letter) at 11.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 2 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 2 of 14

365 Policy was active at the time of Ms. Morris's letter; two weeks later, on February 18, 2015, AAA informed Mr. Thumma's estate of the policies' cancellation and refunded the "unused premium" on both policies.[11]

Mr. Thumma's AAA policies contained similar coverage provisions and language. Each policy provided coverage for injuries sustained under any of three categories of losses—"Scheduled Airline," "Common Carrier," and "Automobile and Pedestrian."[12] Both policies included an additional provision covering "All Other Accidents," under which the 365 Policy insured Mr. Thumma for $15,000, and the Loyalty Policy for $10,000.[13] On June 18, 2015, AAA paid Ms. Dullen the full coverage amount on each policy under the "All Other Accidents" provisions.[14]

On December 9, 2015, Mr. Dullen, as personal representative of Mr. Thumma's Estate, and Ms. Dullen, as the estate's beneficiary, initiated this action in state court against AAA.[15] Plaintiffs sought a declaratory judgment that Mr. Thumma's death was covered under the "Automobile and Pedestrian" provisions in Mr. Thumma's policies. Plaintiffs also claimed that AAA had negligently adjusted their claims, that AAA had breached its insurance contracts with the Thumma Estate and Ms. Dullen, and that AAA

---

[11] Docket 1-3 (Letters, Checks) at 12–15.

[12] Docket 1-2 (365 Policy) at 8; Docket 1-3 (Loyalty Policy) at 1.

[13] Docket 1-2 (365 Policy) at 11; see Docket 1-3 (Loyalty Policy) at 9; Docket 1-2 (Loyalty Policy) at 15.

[14] Docket 20-3 (Checks, Ex. B) at 1–2; Docket 20 (AAA Opp'n) at 2.

[15] See Docket 1-1 (Complaint) at 1.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 3 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 3 of 14

had made "material misrepresentations."[16] AAA timely removed this case to the federal district court on January 15, 2016.[17]

## DISCUSSION

Plaintiffs move for summary judgment, asserting that the "Automobile and Pedestrian" provisions of Mr. Thumma's policies covered his accidental death.[18] AAA filed a Cross-Motion for Summary Judgment, asserting that the provisions did not provide coverage.[19]

### I. Jurisdiction

The Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because the parties are diverse and the Complaint alleges damages greater than $75,000.[20]

### II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In this case, no material facts are in dispute; the parties dispute only whether Mr. Thumma's insurance contracts provide

---

[16] Docket 1-1 (Complaint, Ex. A) at ¶¶ 38–40.

[17] Docket 1 (Not. Removal); Docket 3 (Order).

[18] Docket 8 (Dullen Mot.).

[19] Docket 21 (AAA Mot.).

[20] See Docket 1-1 (Complaint, Ex. A) at ¶¶ 1–2, 11, 23–25; Docket 1 (Not. Removal) at ¶ 7.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 4 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 4 of 14

coverage given those undisputed facts.[21] This case presents a question purely of law for which summary judgment is appropriate.[22]

## III. Applicable Law

A federal court sitting in diversity applies the choice of law rules of the forum state, in this case, Alaska.[23] Because there is no choice of law provision in AAA's policies, under Alaska law, the substantive law of the state "which has the most significant relationship to the transaction and the parties applies."[24] Neither party disputes that in this case, that state is Alaska.

In Alaska, "[t]he obligations of insurers are generally determined by the terms of their policies."[25] If a contract is ambiguous, the Court "must accept the interpretation that most favors the insured."[26] But "mere[] . . . disagree[ment]" among the parties over

---

[21] To the extent the parties disagree over whether Mr. Thumma was standing or sitting on his bed when he died, for purposes of this motion, the Court assumes that Mr. Thumma was standing. *See Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (finding that in the case of summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–159 (1970))).

[22] *Peterson v. Wirum*, 625 P.2d 866 (Alaska 1981); *see State Farm Mut. Auto. Ins. Co. v. Houle*, 269 P.3d 654 (Alaska 2011).

[23] *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

[24] Restatement (Second) of Conflict of Laws § 188(1); *see Long v. Holland Am. Line Westours, Inc.*, 26 P.3d 430, 433 (Alaska 2001).

[25] *West v. Umialik*, 8 P.3d 1135, 1138 (Alaska 2000) (quoting *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1294 (Alaska 1994)).

[26] *Whittier Props., Inc. v. Alaska Nat'l Ins. Co.*, 185 P.3d 84, 90 (Alaska 2008) (citing *West*, 8 P.3d at 1138 (Alaska 2000); *Starry v. Horace Mann Ins. Co.*, 649 P.2d 937, 939 (Alaska 1982)).

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 5 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 5 of 14

interpretation does not create ambiguity in a contract.[27] Ambiguity is found only where multiple, inconsistent interpretations of the contract are reasonable.[28] And under Alaska's reasonable expectations doctrine, even if a court does not find a policy's terms ambiguous, "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations."[29] "To determine the parties' reasonable expectations, we examine (1) the language of the disputed policy provisions; (2) the language of other provisions in the same policy; (3) extrinsic evidence; and (4) case law interpreting similar provisions."[30]

## IV. The Type of Policy

Each policy is referred to as both a "travel accident" and an "accidental injury" policy in its certificates of insurance.[31] AAA contends that the policies are "travel accident policies" and, therefore, do not cover Mr. Thumma's death because Mr. Thumma was not

---

[27] *Id.* (citing *C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1222 n.38 (Alaska 2000); *Jarvis v. Aetna Cas. And Sur. Co.*, 633 P.2d 1359, 1363 (Alaska 1981)).

[28] *Id.* (citing *Nelson v. Progressive Cas. Ins. Co.,* 162 P.3d 1228, 1234 (Alaska 2007)).

[29] *Nelson*, 162 P.3d at 1235 (quoting *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1295 (Alaska 1994)).

[30] *Devine v. Great Divide Ins. Co.*, 350 P.3d 782, 786 (Alaska 2015) (quoting *West*, 8 P.3d at 1138).

[31] *See* Docket 1-2 (Policies) at 6, 15 ("Travel Accident Insurance" on each policy's front pages); Docket 1-2 (Policies) at 8, 16 (each policy termed "accidental injury and death group" policy); Docket 1-2 (365 Policy) at 9 (365 Policy termed a "single group accident insurance contract"); Docket 1-3 ) Loyalty Policy at 3 (Loyalty Policy termed a "single group *travel* accident insurance contract" (emphasis added)).

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 6 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 6 of 14

traveling when he died.[32]  But "[t]he obligations of insurers are generally determined by the terms of their policies"[33] and not solely by their policies' titles.  "[A]lthough the policy terms and basic purposes of different accident insurance provisions are necessarily similar, each such policy must be construed according to its own precise terms, rather than as a 'type.'"[34]  Accordingly, it is the policy language and Mr. Thumma's reasonable expectations that will control the Court's interpretation of the disputed "Automobile and Pedestrian" provisions.[35]

## V. The "Automobile and Pedestrian" Provisions

Plaintiffs assert that Mr. Thumma's death is a covered loss under each of the policies' "Automobile and Pedestrian" provision.[36]  These identical provisions cover, in relevant part, "accidental bodily injuries received . . . by being struck while a pedestrian, by any motor vehicle ordinarily operated on the public streets and highways."[37]

### 1. The Struck-by-Motor-Vehicle Requirement

Mr. Thumma's two AAA policies do not define the term "struck."  Plaintiffs give the following definition of "strike," from New Webster's Dictionary and Thesaurus (1995): "to

---

[32] *See* Docket 20 (AAA Opp'n) at 6.

[33] *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000) (quoting *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1294 (Alaska 1994)).

[34] 10 Steven Plitt et al., *Construction*, COUCH ON INS. § 139:8 (3d ed. 2005).

[35] Plitt, *supra* note 36, at § 139:8.

[36] Docket 8 (Dullen Mot.); *see* Docket 1-2 (365 Policy) at 8; Docket 1-3 (Loyalty Policy) at 1.

[37] Docket 1-2 (365 Policy) at 8; Docket 1-3 (Loyalty Policy) at 1.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 7 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 7 of 14

cause to collide or come into contact forcibly," "to touch."[38] Plaintiffs argue that molecules of carbon monoxide, emitted by the running engine of Mr. Thumma's car, "struck" Mr. Thumma by coming into contact with cells in Mr. Thumma's lungs.[39] Plaintiffs also assert that the majority rule is that actual contact between a car and an insured is not required for struck-by-car insurance policy provisions to take effect.[40] Plaintiffs maintain that an insured with Mr. Thumma's policy would be covered if a wrench fell from a work truck and injured the insured, or if some part of the car's frame came loose and struck the insured. They argue that this case is analogous. They maintain that carbon monoxide is "an integral part" of an automobile, such that being struck by molecules of carbon monoxide should result in coverage.[41] Alternatively, Plaintiffs cite to Tennessee and Louisiana cases and assert that the term "struck" is ambiguous, and as such should be interpreted "against the insurer and in favor of coverage."[42]

"[A]mbiguity is only present if inconsistent, but reasonable, interpretations of the contract are possible."[43] The Court finds that the policies were not ambiguous because

---

[38] Docket 9 (Dullen Mem.) at 6.

[39] *See* Docket 9 (Dullen Mem.) at 2–3 ("The sole issues before the Court are . . . whether the fatal CO is fairly characterized under Alaskan insurance law as having 'struck' him."); Docket 9 (Dullen Mem.) at 6 ("B. Karl Thumma Was 'Struck' By CO When He Died.").

[40] Docket 9 (Dullen Mem.) at 6 (citing Joseph E. Edwards, Annotation, *Automobile Insurance: Construction of Medical Payments Insurance Provision Covering Injuries Incurred When "Struck By" Automobile*, 33 A.L.R. 3d 962, 966 (1970); *see* Docket 8-5 (A.L.R., Ex. 5).

[41] Docket 9 (Dullen Mem.) at 7.

[42] *See id.* (citing *Am. Cas. Co. of Reading, Pa. v. Cutshall*, 205 Tenn. 234, 239 (1959) and *Carrier v. Reliance Ins. Co.*, 759 So. 2d 37, 43 (La. 2000)).

[43] *Whittier Props. Inc. v. Alaska Nat'l Ins. Co.*, 185 P.3d 84, 90 (Alaska 2008).

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 8 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 8 of 14

Plaintiffs' interpretation of the policies' struck-by-car provision to include coverage for carbon monoxide poisoning is not reasonable. Mr. Thumma was not struck by a car; tragically, he inhaled lethal amounts of carbon monoxide while in his own home. Plaintiffs do not cite to any case finding a struck-by-car provision to provide coverage in these circumstances. Applying a reasonable interpretation of the term "struck," the Court finds that the "Automobile and Pedestrian" provision of Mr. Thumma's policies unambiguously did not cover carbon monoxide poisoning in the home.[44]

The Court also finds that Mr. Thumma could not have held an objectively reasonable expectation of coverage for this loss under this provision. "To determine the parties' reasonable expectations, we examine: (1) the language of the disputed policy provisions; (2) the language of other provisions in the same policy; (3) extrinsic evidence; and (4) case law interpreting similar provisions."[45] As discussed above, the disputed provision does not support coverage. And Plaintiffs do not point to any other provisions in the policies that define the term "struck" or suggest coverage under this provision. Nor do Plaintiffs present extrinsic evidence, "such as representations made" to Mr. Thumma or his beneficiary, which might have caused Mr. Thumma to hold an objectively reasonable expectation that the disputed language covered carbon monoxide poisoning in his home.[46] And while "many courts have held that the proper interpretation of 'struck

---

[44] *See Nelson*, 162 P.3d at 1234 (Alaska 2007).

[45] *Devine v. Great Divide Ins. Co.*, 350 P.3d 782, 786 (Alaska 2015) (quoting *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000)).

[46] *West*, 8 P.3d at 1139.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 9 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 9 of 14

by' provisions" does not require "physical contact of the insured's body with the offending vehicle,"[47] none of the cases Plaintiffs cite finds a car to have "struck" the insured due to carbon monoxide emissions.[48] Nor did the Court independently find any case, in Alaska or elsewhere, in which a car was found to have "struck" an individual in such circumstances so as to accord coverage. Based on the foregoing, the Court finds that as a matter of law, Mr. Dullen was not "struck" by his car when he died in his bedroom as a result of carbon monoxide poisoning, and AAA is entitled to summary judgment.

### 2. The Pedestrian Requirement

The Court's finding that Mr. Thumma was not struck by his car is sufficient to hold that the "Automobile and Pedestrian" provision in each policy does not cover his death. Nonetheless, the parties also briefed and the Court will also address the separate and additional pedestrian requirement of this provision. The disputed provision provides coverage for "accidental bodily injuries received . . . by being struck while a pedestrian, by any motor vehicle ordinarily operated on the public streets and highways."[49] Mr. Thumma's policies do not define the term "pedestrian." AAA argues that Mr. Thumma

---

[47] *See* 33 A.L.R. at 966, *supra* note 40.

[48] Docket 9 (Dullen Mem.) at 6; *see Johnson v. Nat'l Union Fire Ins. Co.*, 338 S.E.2d 687 (Ga. Ct. App. 1985) (finding plaintiff pedestrian "struck by" automobile under a similar, statutory provision, when insured's automobile struck another vehicle, which hit plaintiff); *State Farm Mut. Auto. Ins. Co. v. Carlson*, 202, S.E.2d 213, 213 (Ga. Ct. App. 1973) ("Where an unknown hit and run motorist strikes a third vehicle which third vehicle in turn strikes the insured vehicle there is 'actual physical contact' within the meaning of the contractual requirement . . . ."); *S. Guar. Ins. Co. v. Berry*, 560 F. Supp. 901, 904 (N.D. Ga. 1983) (finding "both the moving car and the parked car 'struck' the claimants," when a moving car collided with a parked car, which injured claimants).

[49] Docket 1-2 (365 Policy) at 8; Docket 1-3 (Loyalty Policy) at 1.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 10 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 10 of 14

was not a pedestrian at the time of his death in his bedroom. Plaintiffs argue that Mr. Thumma was a pedestrian at the time of his death and that their interpretation of the term "pedestrian" falls within "normal parlance" in accordance with the "insured's subject[ive] understanding."[50] As evidence of what may have been Mr. Thumma's subjective expectations of the definition of "pedestrian," Plaintiffs refer to a definition from the Alaska Administrative Code that defines a pedestrian simply as "any person afoot."[51] Plaintiffs also provide the text of two car insurance policies from other insurance companies, both of which define "pedestrian" broadly as "a person not an occupant of a motor vehicle or trailer."[52] Plaintiffs argue that Mr. Thumma met each of these definitions of "pedestrian" because Mr. Thumma was on foot and was not an occupant of a motor vehicle or trailer when he died in his bedroom.[53]

These definitions of "pedestrian" cited by Plaintiffs do not expressly involve an element of travel. However, each of the definitions must be considered in context. The other insurance policies define "pedestrian" in the context of the recovery of medical expenses for certain individuals who have sustained bodily injury "through being struck

---

[50] Docket 9 (Dullen Mem.) at 5 (citing *INA Life Ins. Co. v. Brundin*, 533 P.2d 236, 240 (Alaska 1975); *C.P. ex rel. M.L. v. Allstate*, 996 P.2d 1216, 1223 (Alaska 2000)). Plaintiffs do not argue that "pedestrian" as used in Mr. Thumma's policies was ambiguous.

[51] Docket 9 (Dullen Mem.) at 5. *See* 13 Alaska Administrative Code (AAC) 40.010(33). Plaintiffs also cite to Black's Law Dictionary 1288 (4th ed. 1968), which defines *Pedestrian* as "A person traveling on foot." But here, there is nothing in the record to support a finding that Mr. Thumma was traveling while in his bedroom.

[52] Docket 9 (Dullen Mem.) at 5–6 (citing Docket 8-3 (Policy, Ex. 3) at 5; Docket 8-4 (Policy, Ex. 4) at 5).

[53] Docket 9 (Dullen Mem.) at 6.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 11 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 11 of 14

as a pedestrian by a motor vehicle or trailer," thus narrowing the policy's coverage to pedestrians that are struck by motor vehicles or trailers, just as is the case here.[54] And the Alaska Administrative Code is not particularly helpful in that it defines "pedestrian" relative to its specific usage in the Alaska State Troopers' public safety regulations.

Here, Mr. Thumma was found on the floor of his bedroom. Even assuming he was standing by his bed when he died, Mr. Thumma was not traveling; rather, he was inside his home beside his bed. The common definition of pedestrian is "a person traveling on foot" and the Court holds that the term "pedestrian" as it appears in Mr. Thumma's policies necessarily involves an element of travel.[55] Plaintiffs' interpretation of "pedestrian" to encompass a person standing within his own home is unreasonable.

The Court also considers any objectively reasonable expectations Mr. Thumma may have had about his coverage as a pedestrian. Neither Plaintiffs nor AAA cites to any Alaska case law on this point. In *Petties v. Petties*, a New Jersey court considered a similar claim.[56] In that case, the decedent had suffered accidental carbon monoxide poisoning while asleep in a bedroom in his home due to a running car in the adjoining garage. The plaintiffs sought coverage from the deceased's insurer under a New Jersey statute that provided coverage for individuals "who sustained bodily injury as a result of

---

[54] Docket 8-3 (Policy, Ex. 3) at 5; Docket 8-4 (Policy, Ex. 4) at 5.

[55] *AAA Life Ins. Co. v. Nicolas,* 603 So.2d 622, 623–24 (Fla Dist. Ct. App. 1992); *see infra* pp. 13–14. This definition is cited by the Florida District Court of Appeals in a similar case, and it appears in Black's Law Dictionary and *The American Heritage Dictionary of the English Language.*

[56] *Petties v. Petties*, 509 A.2d 190 (N.J. Super. Ct. App. Div. 1986).

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 12 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 12 of 14

an *accident* while occupying, entering into, alighting from or using an automobile, or as a *pedestrian*."[57] Although the applicable statute defined the term "pedestrian" quite broadly, the court concluded that "the Legislature did not intend that persons sleeping in their beds would be considered pedestrians, as "interpretations of legislation which lead to absurd results are to be avoided."[58]

AAA cites to *AAA Life Insurance Co. v. Nicolas*, a Florida case interpreting "pedestrian" as it is used in AAA's policies.[59] There, a mechanic was killed when his car fell from its jack in a private lot and crushed him. The plaintiffs sought coverage under the same "Automobile and Pedestrian" provision at issue here. The Florida District Court of Appeals denied coverage. Citing several authorities for the common definition of "pedestrian" as a "person traveling on foot," the Florida court held that "appellee's definition of pedestrian summarized as any person not in a vehicle goes beyond the object and scope of the instant policy and leads to [an] absurd conclusion."[60]

The Court finds that Mr. Thumma was not a pedestrian when he was inside his home, as such a determination would be consistent with the common definition of pedestrian as a "person traveling on foot." An insured would not have held an objectively

---

[57] *Id.* at 191 (emphasis in original).

[58] *Id.* at 192.

[59] 603 So.2d 622 (Fla. Dist. Ct. App. 1992).

[60] *Id.* at 622–24 (citing *Pilotte v. Aetna Cas. & Sur. Co.*, 427 N.E.2d 746 (Mass. 1981); W. SKEAT, ETYMOLOGICAL DICTIONARY OF THE ENGLISH LANGUAGE, 429–430 (1882); WEBSTER'S NEW INTERNATIONAL DICTIONARY 1802–1803 (2d ed. 1959); BLACK'S LAW DICTIONARY 1019 (5th ed. 1979); THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 914 (2d ed. 1982)).

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 13 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 13 of 14

reasonable expectation that he was a "pedestrian" under the AAA policies if he were to die in his bedroom from carbon monoxide poisoning from a vehicle parked in the attached garage. Accordingly, the Court will grant summary judgment to AAA under this alternative theory that there is no coverage under the disputed portion of the policies because Mr. Thumma was not a pedestrian at the time of his death.[61]

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiffs' Motion for Summary Judgment at Docket 8. The Court GRANTS AAA's Cross-Motion for Summary Judgment at Docket 21. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 3rd day of August, 2016, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[61] Plaintiffs' Complaint also alleges negligent adjustment of claims by AAA, breach of contract, and "material misrepresentation." These claims were not addressed in the summary judgment motion, and are abandoned. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir.2009). But even if the claims were not abandoned, the Court finds that any "negligent adjustment" claim is essentially a breach of contract claim, and that AAA cannot have breached its contract with Mr. Thumma when there was no coverage. *See Alaska Pac. Assur. Co. v. Collins*, 794 P.2d 936, 946 (Alaska 1990). Further, any misrepresentation was promptly remedied by cancellation of the policy and payment of unused premium two weeks later, and by payment of the undisputed policy amount four months later.

4:16-cv-00003-SLG, *Dullen v. AAA*
Order re Cross-Motions for Summary Judgment
Page 14 of 14

Case 4:16-cv-00003-SLG   Document 29   Filed 08/03/16   Page 14 of 14