FILED

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL R. DULLEN, PR Est. of Karl I. Thumma (Deceased 02/17/2014); KAREN R. DULLEN,<br><br>　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>AMERICAN AUTOMOBILE ASSOCIATION, AKA AAA Life Insurance Company,<br><br>　　　　　Defendant-Appellee. | No. 16-35699<br><br>D.C. No. 4:16-cv-00003-SLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 17, 2017[**]
Anchorage, Alaska

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiffs-Appellants Karen R. Dullen and Michael R. Dullen appeal the summary judgment entered in favor of AAA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The struck-by-vehicle requirement of the decedent's travel accident insurance policies was not satisfied by the decedent's inhalation of carbon monoxide emitted from his vehicle. First, the "ordinary and popular" interpretation of "struck," a term not defined in the operative policies, is not so broad as to apply to the inhalation of air. *Jarvis v. Aetna Cas. & Sur. Co.*, 633 P.2d 1359, 1363 (Alaska 1981). Particularly in the context of automobile accidents, Plaintiffs' proposed interpretation of "struck" as including any physical contact on a molecular level surpasses common comprehension and would require the court to impose "fine distinctions which few can understand until pointed out by lawyers and judges." *INA Life Ins. Co. v. Brundin*, 533 P.2d 236, 241 (Alaska 1975) (quoting *Burr v. Commercial Travelers Mut. Acc. Ass'n of Am.*, 67 N.E.2d 248, 252 (N.Y. 1946)).

Second, the struck-by-vehicle requirements of the decedent's policies are not ambiguous. Plaintiffs' interpretation is both unreasonable and unsupported by "the contract as a whole and all extrinsic evidence." *Nelson v. Progressive Casualty Ins. Co.*, 162 P.3d 1228, 1234 (Alaska 2007) (internal quotation marks omitted).

Further, Plaintiffs' proposed interpretation of "struck" extends coverage beyond the risks reasonably contemplated by the insured and impermissibly restricts an insurer's ability to limit liability through plain language. *See id.* at 1235 n.44 (stressing that a court "should not do violence to the plain terms . . . by artificially creating ambiguity where none exists" (internal quotation marks omitted)).

Lastly, Plaintiffs present insufficient evidence demonstrating that the decedent could have held an objectively reasonable expectation of coverage in the circumstances. *Devine v. Great Divide Ins. Co.*, 350 P.3d 782, 786 (Alaska 2015). Plaintiffs' supporting "case law interpreting similar provisions," while factually related, centers on different policy provisions than those at issue here, provides no explicit holding as to a struck-by-vehicle requirement and, further, was expressly disapproved of by a higher court. *Id; see Kelley v. Integon Indem. Corp.*, 320 S.E.2d 526, 529 (Ga. 1984) (disapproving of *Jones v. Transamerica Ins. Co.*, 268 S.E.2d 444 (Ga. Ct. App. 1980)).

Because we conclude that the decedent was not "struck" by his vehicle for the purposes of the travel accident insurance policies in question, we need not address the second, independent requirement that the decedent qualify as a pedestrian at the time of his death.

**AFFIRMED.**